

07-CV-00115-ORD                                    The Hon. Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | NO. C07-115TSZ |
| v. | SECOND DEFAULT JUDGMENT OF FORFEITURE |
| TWO COMPUTER LAPTOPS, DELL POWEREDGE 2850 SERVERS, DELL POWEREDGE 4600 SERVER, DELL POWEREDGE 1850 SERVER, MISCELLANEOUS SERVER SOFTWARE, AND ASSORTED COMPUTER EQUIPMENT, | |
| Defendants. | |

Plaintiff, United States of America filed its Verified Complaint for Forfeiture in rem on January 25, 2007. The Complaint alleged that the defendant two computer laptops; Dell Poweredge 2850 servers Dell Poweredge 4600 serve; Dell Poweredge 1850 server; miscellaneous server software; and assorted computer equipment (sometimes hereinafter collectively referred to as the "defendant computer equipment") are subject to seizure and forfeiture to the United States pursuant to Title 21, United States Code, Section 881(a)(2) because the property was used in distributing a controlled substance, or was used or intended to be used to facilitate such distribution in violation of Title 21, United States Code, Sections 841(a)(1) and 843(b).

\\

SECOND DEFAULT JUDGMENT OF FORFEITURE - 1
UNITED STATES v. TWO COMPUTER LAPTOPS, et al.
C07-115TSZ

On February 24, 2007, Plaintiff instructed the U.S. Marshals Service to perfect personal service of the Verified Complaint for Forfeiture in rem, Notice of Complaint for Forfeiture in rem, and Warrant of Arrest in rem (complaint and related documents) upon Lisa Stevens, Charles Power and Richard Rowe. On February 26, 2007, copies of the complaint and related documents were also sent via registered mail, return receipt requested, to attorney Kevin A. Peck, counsel for Lisa Stevens, and to attorney Michael Nance, counsel for Charles Power.

On March 1, 2007, attorney Kevin A. Peck, counsel for Lisa Stevens, accepted service of process of the complaint and related documents on behalf of Lisa Stevens, and signed the Acknowledgment of Service, filed March 7, 2007. See Docket No. 5. Based upon Mr. Peck's representation of Lisa Stevens, the U.S. Marshals Service was instructed that service had been made, and a return of unexecuted service was filed, March 19, 2007. See Docket No. 8.

On March 7, 2007, attorney Michael Nance, counsel for Charles Power, accepted service of process of the complaint and related documents, and entered a Notice of Appearance on behalf of Charles Power, filed March 7, 2007. See Docket Nos. 6 and 7. Based upon Mr. Nance's representation of Charles Power, the U.S. Marshals Service was instructed that service had been made and a return of unexecuted service was filed on March 19, 2007. See Docket No. 9.

On April 9, 2007, the U.S. Marshal Operations Supervisor, Rick Ploof, confirmed that a Deputy United States Marshal attempted service upon Richard Rowe at 5811 203rd Street SW, Lynnwood, Washington. The deputy was told that "he no longer lived there." Another deputy made three additional attempts to perfect personal service upon Richard Rowe at the same address in Lynnwood; however, there was no answer.

On May 1, 2007, attorney Walter G. Palmer, Jr., counsel for Richard Rowe, accepted service of process on behalf of Richard Rowe, and signed an Acknowledgment of Service, filed on May 2, 2007. See Docket No. 14.

\\

JUDGMENT
SECOND DEFAULT ~~ORDER~~ OF FORFEITURE - 2
UNITED STATES v. TWO COMPUTER LAPTOPS, et al.
C07-115TSZ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

On April 4, 2007, the defendant computer equipment was arrested by the U.S. Marshals Service.

The United States published notice of the arrest of the defendant computer equipment on April 19, April 26 and May 3, 2007, in The Daily Journal of Commerce.

Pursuant to the Court's Order filed on February 12, 2007, a Joint Status Report was filed in this matter. See Docket No. 10. The Joint Status Report was signed by Assistant United States Attorney Richard E. Cohen and attorney Michael Nance, counsel for Charles Power.

On February 7, 2008, the United States filed an Application for Order of Default; and on March 31, 2008, the Court issued an Order granting the United States' Application for Default. Default was entered against Lisa Stevens, Charles Powers, Richard Rowe (persons the United States believed had an interest in the defendant computer equipment), and any unknown persons who failed to plead, answer or otherwise submit a claim. See Docket No. 21.

On May 1, 2008, the Court herein issued a Judgment in a Civil Case, forfeiting the defendant computer equipment to the United States. See Docket No. 24.

After the Court issued a Judgment in a Civil Case, attorney Brian Esler, counsel for U.S. Bank National Association, contacted the United States Attorney's Office on behalf of U.S. Bank National Association, in regards to the defendant computer equipment, asserting that U.S. Bank National Association has a security interest in those assets, via a perfected Uniform Commercial Code filing. The United States did not know that U.S. Bank National Association had a potential interest in the defendant computer equipment prior to the United States' Application for Order of Default.

\\
\\
\\
\\
\\

SECOND DEFAULT ~~ORDER~~ JUDGMENT OF FORFEITURE - 3
UNITED STATES v. TWO COMPUTER LAPTOPS, et al.
C07-115TSZ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Because the United States did not serve notice of the complaint upon U.S. Bank National Association, and because in correspondence to the United States Attorney's Office, attorney Brian Esler, counsel for U.S. Bank National Association, claimed a perfected security interest in the defendant computer equipment on behalf of U.S. Bank National Association, on January 16, 2009, the United States filed a Motion to Set Aside Forfeiture Judgment and Reopen Civil Forfeiture Case to Permit U.S. Bank National Association to File a Claim.

In the Motion to Set Aside Forfeiture Judgment and Reopen Civil Forfeiture Case to Permit U.S. Bank National Association, it was specified that U.S. Bank National Association was to file a claim in the manner set forth in Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure. Under the rule, such claim must be filed not later than 35 days after the date of service of the complaint. In addition, it was specified that U.S. Bank National Association once having filed a claim must also file an answer to the complaint not later than 20 days after the filing of the claim. Pursuant to the Certificate of Service, a copy of the Motion to Set Aside Forfeiture Judgment and Reopen Civil Forfeiture Case to Permit U.S. Bank National Association was mailed to attorney Brian Esler, counsel for U.S. Bank National Association on January 16, 2009. See Docket No. 25.

On January 22, 2009, the Court issued an Order Granting the United States' Motion to Set Aside Forfeiture Judgment and Reopen Civil Forfeiture Case to Permit U.S. Bank National Association to File a Claim. See Docket No. 26.

On February 10, 2009, the United States filed an Acknowledgment of Service wherein attorney Brian Esler, counsel for U.S. Bank National Association, accepted service of the complaint and related documents on behalf of U.S. Bank National Association. See Docket No. 29.

\\
\\
\\

SECOND DEFAULT JUDGMENT OF FORFEITURE - 4
UNITED STATES v. TWO COMPUTER LAPTOPS, et al.
C07-115TSZ

On March 12, 2009, in e-mail correspondence between the United States Attorney's Office and attorney Brian Esler, counsel for U.S. Bank National Association, Brian Esler stated that U.S. Bank National Association "does not intend to file a claim...."

No claim of interest has been received or filed with the Court from U.S. Bank National Association or from any other person or entity, and the time allowed for filing of such a claim has expired.

On March 19, 2009, the United States filed an Application for Second Order of Default; and on March 20, 2009, the Clerk of the Court issued a Second Order of Default against U.S. Bank National Association and any unknown persons who have failed to plead, answer, or otherwise submit a claim. See Docket No. 32.

Now, therefore on motion by the Plaintiff, United States of America, for a Default Judgment for Forfeiture, it is hereby

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

SECOND DEFAULT JUDGMENT OF FORFEITURE - 5
UNITED STATES v. TWO COMPUTER LAPTOPS, et al.
C07-115TSZ

ORDERED, ADJUDGED and DECREED as follows:

1. This Court has jurisdiction over this action under Title 18, United States Code Sections 1345 and 1355. *Plaintiff's motion for default judgment, docket no. 33, is GRANTED.*

2. Pursuant to Title 21, United States Code, Section 881(a)(2), the defendant two computer laptops; Dell Poweredge 2850 servers; Dell Poweredge 4600 server; Dell Poweredge 1850 server, miscellaneous server software, and assorted computer equipment are forfeited to the United States of America, and no right, title, or interest in the defendant computer equipment shall exist in any other party. *Judgment is entered accordingly in favor of plaintiff.*

3. The United States Marshals Service shall dispose of the defendant two computer laptops; Dell Poweredge 2850 servers; Dell Poweredge 4600 server; Dell Poweredge 1850 server; miscellaneous server software; and assorted computer equipment in accordance with the law.

4. The Clerk of the Court shall deliver nine (9) raised seal, certified copies of this Default Judgment for Forfeiture to the United States Marshals Service, in Seattle, Washington.

DATED this 6th day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE

Presented by:

_____
RICHARD E. COHEN
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-3903
Phone: 206-553-2242
FAX: 206-553-6934
E-Mail: Richard.E.Cohen@usdoj.gov

SECOND DEFAULT ~~ORDER~~ JUDGMENT OF FORFEITURE - 6
UNITED STATES v. TWO COMPUTER LAPTOPS, et al.
C07-115TSZ